**Penelope Ann CAMARATA, Plaintiff—Appellant,**

v.

**MRI CENTER OF IDAHO, a foreign corporation doing business in Oregon, Defendant—Appellee.**

**No. 03–36007.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2005.*

Decided July 20, 2005.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Glenn N. Solomon, Portland, OR, for Plaintiff–Appellant.

Tamsen L. Leachman, Hall Farley Oberecht & Blanton, Boise, ID, for Defendant–Appellee.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Penelope Ann Camarata appeals from summary judgment in favor of her former employer, MRI Center of Idaho, on her workers' compensation discrimination claim under Oregon state law. We affirm.

I

██ Camarata's argument that the district court erred in applying the three-part burden-shifting analysis for employment discrimination claims established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), is foreclosed by *Snead v. Metropolitan Property & Casualty Insurance Co.,* 237 F.3d 1080, 1090–93 (9th Cir.2001) (holding that when entertaining motions for summary judgment in employment discrimination cases arising under state law, federal courts sitting in diversity must apply the *McDonnell Douglas* framework as a federal procedural rule).

II

██ Even if the federal standard applies, Camarata contends that the district court ignored evidence of MRI Center's

592

admission that it was unreasonable to expect her to report for work against the advice of her doctor, and that she was not given sufficient time to produce documentation of her doctor's advice before she was terminated. She also argues that MRI Center did not want Camarata to file a workers compensation claim because it was not covered. We disagree that the district court misread the record. As it concluded, MRI Center based each of its decisions on the current release from each of Camarata's successive attending physicians, and she never had an excuse from work from Dr. Jutzy. No evidence creates a triable issue that her termination was not for the asserted reason that Camarata's interest in returning to work did not appear to be sincere.

AFFIRMED.